**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

RAY FACCIOLO, )
)
    Plaintiff-Below/Appellant, )
)
        v. ) C.A. No. CPU4-16-001547
)
NINA VIETRI, )
)
    Defendant-Below/Appellee. )

Submitted: January 31, 2017
Decided: March 22, 2017

Melissa L. Rhoads, Esquire
Tighe & Cottrell, P.A.
704 N. King Street, Ste. 500
Wilmington, DE 19801
   *Attorney for Plaintiff*

Max B. Walton, Esquire
Connolly Gallagher LLP
267 E. Main Street
Newark, DE 19711
   *Attorney for Defendant*

**MEMORANDUM OPINION AND ORDER
ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This is an appeal from a decision by the Justice of the Peace Court pursuant to *10 Del. C. § 9571*. The underlying dispute involves Plaintiff-Below/Appellant Ray Facciolo ("Plaintiff") seeking reimbursement for certain items and expenses incurred on behalf of Defendant-Below/Appellee Nina Vietri ("Defendant"). Defendant brings this Motion for Summary Judgment (the "Motion") pursuant to *Court of Common Pleas Civil Rule 56*, arguing certain debts Plaintiff seeks to recover are barred by the statute of limitations. On January

31, 2017, the Court held a hearing on the Motion and reserved decision. This is the Court's decision on the Motion.

## FACTUAL AND PROCEDURAL HISTORY

On December 21, 2015, Plaintiff initiated an action against Defendant in the Justice of the Peace Court seeking the remaining balance on a debt allegedly owed. On May 25, 2016, the Justice of the Peace Court held a hearing on the matter, where Defendant moved to dismiss pursuant to *JP Court Civil Rule 41(b)*. On June 1, 2016, the Justice of the Peace Court granted Defendant's motion and dismissed Plaintiff's case. On June 9, 2016, Plaintiff filed a timely notice of appeal to this Court, commencing the present action.

Plaintiff's complaint on appeal is identical to his complaint-below. The *pro se* complaint reads: "Please file a debt action against the defendant Nina Vietri for the remaining balance in which she stopped making payments to Plaintiff. Defendant had a history of regular payments. Last payment was in 2014. Due to delinquency in the lack of communication + [sic] plan of action the issue has been escalated." On July 5, 2016, Defendant filed an Answer to the complaint, denying all substantive allegations and asserting a number of affirmative defenses.

On November 1, 2016, Defendant filed the instant Motion for Summary Judgment. On November 14, 2016, Plaintiff filed a response opposing Defendant's Motion. On November 18, 2016, the Court held a hearing on the Motion, and granted leave for the parties to conduct additional discovery. On January 6, 2017, the Court held another hearing on the Motion, and passed the matter to allow Plaintiff time to review Defendant's responses to his requests for admissions. The Court also issued a scheduling order giving

2

the parties an opportunity to file a joint stipulation dismissing certain claims if, upon review of the discovery, both parties could agree such claims were barred by the statute of limitations. Ultimately, the parties could not reach an agreement. Therefore, the Court held another hearing on January 31, 2017, and at the conclusion thereof, reserved decision on the Motion.

## PARTIES' CONTENTIONS

Defendant argues three grounds for summary judgment, all of which stem from an affidavit and bill of particulars filed by Plaintiff in the Justice of the Peace Court. First, Defendant argues certain expenses Plaintiff seeks reimbursement for are barred by the statute of limitations. Specifically, Defendant contends Plaintiff's affidavit states certain debts originate in 2012. These debts are: (1) a July 5, 2012 trip to Myrtle Beach; (2) a September 29, 2012 trip to Atlantic City; and (3) an October 23, 2012 trip to Aruba. Defendant argues no actions to recover these debts can be brought after the expiration of three years from the accruing of such cause of action. Because Plaintiff conceded that these debts were incurred before December 2012, and Plaintiff did not bring this action until December 2015, Defendant contends those debts are barred by the three year statute of limitations.

Second, Defendant argues Plaintiff's affidavit states he is seeking to collect debts on behalf of persons who are not parties to this action, specifically, Plaintiff's mother and twin cousins. Because Plaintiff is seeking relief on behalf of non-parties, Defendant contends Plaintiff lacks standing to bring these claims because he cannot show an individualized injury-in-fact. Accordingly, Defendant argues these claims must be dismissed.

Finally, Defendant argues Plaintiff has failed to plead sufficient facts to establish a legally enforceable agreement between the parties. Defendant maintains every alleged debt listed in Plaintiff's affidavit relate to a time period when the parties were in a relationship. In essence, Defendant contends that Plaintiff is trying to force her to repay for gifts that were given to her during the course of their relationship. Moreover, Defendant argues the text messages upon which Plaintiff relies only indicate that she would give Plaintiff money while they were dating. Defendant maintains that this does not amount to a binding contractual commitment which requires her to repay the amounts claimed. Furthermore, Defendant argues there are no ascertainable terms in the alleged agreement, making it unenforceable. For these reasons, Defendant argues she is entitled to judgment as a matter of law.

Conversely, Plaintiff maintains Defendant's Motion must be denied because the affidavit upon which Defendant relies raises several genuine issues of material fact. Plaintiff contends the affidavit refers to Plaintiff having a history of loaning money to Defendant, some of which Defendant successfully repaid. Plaintiff argues this is inconsistent with Defendant's position that there was no contractual obligation to repay the debt. Furthermore, Plaintiff argues that a partial payment on the debt tolls the statute of limitations, because a new promise to pay is implied from the partial payment of debt. It is Plaintiff's position that he is entitled to trial on the issues to determine whether any of the alleged debts are barred by the statute of limitations. Accordingly, Plaintiff moves the Court to deny Defendant's Motion. Plaintiff does, however, concede a lack of standing to proceed on the two debts allegedly owed to Plaintiff's mother and twin cousins and withdraws those claims.

## LEGAL STANDARD

*Court of Common Pleas Civil Rule 56(c)* provides that "judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."[1] If the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record *sub judice*, then summary judgment must be denied.[2]

"In considering a motion for summary judgment the court must view the facts in a light favorable to the non-moving party and accept, as true, all undisputed factual assertions."[3] The Court will grant a motion for summary judgment when there is no genuine issue of material fact, and the moving party is therefore entitled to judgment as a matter of law.[4] However, a motion for summary judgment will be denied when "a more thorough inquiry into the facts is desirable to clarify the application of the law to the circumstances."[5]

## DISCUSSION

As a preliminary matter, because Plaintiff concedes a lack of standing and withdraws his claims to the debts allegedly owed to his mother and twin cousins, the Court need not address the issue of standing. The Court will address Defendant's remaining arguments: (1)

---

[1] CCP Civ. R. 56(c).
[2] *See Ebersole v. Lowengrub*, 180 A.2d 467 (Del. 1962).
[3] *Donnelly v. Fannie Mae*, 2015 WL 6739163, at *2 (Del. Com. Pl. Nov. 3, 2015) (internal citations omitted).
[4] *See id.*
[5] *Id.*

whether the statute of limitations defense applies; and (2) whether a legally enforceable agreement exists.

## I.  Statute of Limitations

Pursuant to *10 Del. C. § 8106*, "no action to recover a debt not evidenced by a record or by an instrument under seal . . . shall be brought after the expiration of 3 years from the accruing of the cause of such action."[6]  In suits based upon a party's contractual obligations, a cause of action accrues when the breach occurs, not at the time when actual damage results or is ascertained.[7]  Therefore, the statute of limitations for breach of contract claims begins to run at the moment of the wrongful act or breach.[8]

However, the question of whether a contract is continuous or severable in nature can impact an action's accrual date.[9]  If the Court determines a contract to be continuous in nature, a cause of action will not accrue until the termination of said contract.[10]  On the other hand, if the Court determines the contract to be severable in nature, "the statute of limitations generally begins to run on each severable portion when a party breaches that portion of the contract."[11]  Courts will determine the nature of a contract by analyzing the intent of the parties, the terms of the agreement, and all pertinent facts surrounding such agreeement.[12]  Ultimately, the issue of whether a contract is continuous or severable in nature is a question determined by the trier of fact.[13]

---

[6] 10 Del. C. § 8106.
[7] *Smith v. Mattia*, 2010 WL 412030, at *3 (Del. Ch. Feb. 1, 2010).
[8] *See Alonso v. Maldonado*, 2015 WL 7068206, at *2 (Del. Super. Nov. 12, 2015).
[9] *See Kaplan v. Jackson*, 1994 WL 45429, at *2 (Del. Super. Jan. 20, 1994).
[10] *See id.*
[11] *Davis, Bowen & Friedel, Inc. v. Disabatino*, 2016 WL 7469691, at *4 (Del. Super. Dec. 27, 2016).
[12] *See Kaplan*, 1994 WL 45429, at *3.
[13] *See Bridgestone/Firestone, Inc. v. Cap Gemini Am., Inc.*, 2002 WL 1042089, at *7 (Del. Super. May 23, 2002).

Turning to the matter *sub judice*, I find that Defendant's argument that the three trips in 2012 are barred by the statute of limitations *solely* because they were incurred in 2012 are not supported by the record. In Delaware, causes of action accrue at the moment of the wrongful act or breach, and not at the date of the loan which gave rise to the debt. Here, there are unresolved issues of material fact as to whether the parties' agreement was continuous or severable in nature. Specifically, it is unclear whether the alleged debts are all separate and distinct agreements accruing at different points of time, or if the alleged debts revolve around a continuous contractual relationship.

In viewing the evidence before the Court, I find that it is reasonable to conclude that the agreement between the parties could be either continuous or severable in nature. It is a reasonable interpretation that each time Defendant used Plaintiff's credit card to create a debt, she also created a distinct promise to repay that specific debt. Once Defendant failed to repay that specific debt in a reasonable time, Defendant would be in breach of her contractual obligation, and the statute of limitations would accrue on that specific debt. This interpretation views each alleged debt as being distinct and separate causes of action, each accruing at different points in time.

However, another reasonable interpretation is the parties had a continuous contractual relationship similar to a credit card agreement, where Plaintiff would extend Defendant credit and she would make regular payments on the money loaned. For these types of credit card agreements, separate and distinct contracts are not created every time the credit card is used, but rather, the entire agreement encompasses one continuous credit account. For these types of contracts, the statute of limitations does not begin to run until

7

the termination of the entire contract. From the limited facts in the record, the Court can not determine when repayment was due,[14] and therefore does not reach the question of whether a subsequent payment would even be required to extend the statute of limitations.

Because the factual record has not been developed enough to determine the nature of the parties' agreement, a more thorough inquiry into the facts is desirable to clarify the whether the statute of limitations applies. Accordingly, Defendant's Motion for Summary Judgment based upon the statute of limitations is denied.

## II. Enforceable Agreement

Defendant contends that there is no legally enforceable agreement because Plaintiff failed to allege the elements necessary to establish his claim. However, the support[15] Defendant relies upon in her Motion comes from authority regarding property division with a person with whom plaintiff cohabitated. The authority relates to a party's obligations arising out of a romantic relationship, and not their contractual obligations entered into independent of their relationship, which are the alleged debts in the instant matter.

In considering the facts in a light favorable to the Plaintiff, I find that there are genuine issues of material fact as to whether the parties entered into a legally enforceable agreement. The only evidence before the Court is Plaintiff's affidavit which states:

> "[Defendant] would create debt with me due to under employment and the inability to own a credit card. The system in place . . . that was *agreed upon* was I would use my credit card initially because [Defendant] would need various items and then [she] would repay me in a timely manner." (emphasis added)

---

[14] "For a loan, if there is no payment date set, the "statute of limitations begins to run a reasonable time after the loan is made." This general rule is consistent with the principle in contract law that "where no time for performance is fixed, the Court will imply a reasonable time for performance."" *Alonso v. Maldonado*, 2015 WL 7068206, at *2 (Del. Super. Nov. 12, 2015) (internal citations omitted). Without additional facts, the Court cannot determine what would constitute a "reasonable time" under these circumstances.

[15] Defendant does not cite to any Delaware case law on this subject, but rather, cites to Causes of Action 2d.

In viewing the affidavit, it is reasonable to infer the parties entered into an enforceable legal agreement.[16] However, Defendant disputes this interpretation, claiming all the alleged debts were gifts. Because there is a genuine issue of material fact as to whether the debts were made pursuant to an enforceable agreement or if they are gifts, Defendant's Motion for Summary Judgment based upon a lack of an enforceable agreement is denied.

## CONCLUSION

For the foregoing reasons, Defendant Nina Vietri's Motion for Summary Judgment is hereby **DENIED**. The Clerk will schedule the matter for trial.

**IT IS SO ORDERED.**

_____
Alex J. Smalls,
Chief Judge

---

[16] Although it was not directly raised in Defendant's Motion, there is an argument that the parties' agreement lacks consideration to make it an enforceable contract. However, promissory estoppel allows the Court to enforce promises made without consideration. The Court cannot apply the doctrine of promissory estoppel when a valid, enforceable contract between the parties exists. Relatedly, the Complaint could also be read as to contain a claim for unjust enrichment—another claim that cannot succeed when there is a valid, enforceable contract. As a result, the Court cannot make a determination whether Plaintiff can maintain a quasi-contractual action until resolution of whether Plaintiff had a valid, enforceable contract with Defendant.